UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                                Case No. 8:10-bk-16032-MGW
                                                                              Chapter 7
Gladys R. Robles,

    Debtor.
_____/

Stephen L. Meininger,                                      Adv. Pro. No.: 8:11-ap-00924-MGW
as Chapter 7 Trustee,

    Plaintiff,
v.

First National Bank of Omaha,

    Defendant.
_____/

# MEMORANDUM OPINION ON
# MOTIONS FOR SUMMARY JUDGMENT

    The Trustee and First National Bank of Omaha have each moved for summary judgment on the Trustee's claims under the Florida Commercial Collection Practices Act and the Telephone Consumer Protection Act. The Bank says it is entitled to summary judgment because there is no record evidence supporting the Trustee's claims under subsections (5), (7), (9), and (17) of the FCCPA or his claim under the TCPA. In actuality, there is record evidence to support all of the Trustee's claims except one: his FCCPA claim to the extent it is based on the Bank's alleged violation of subsection (9). So, with the exception of the Trustee's claim under subsection (9) of the FCCPA, the Bank fails to satisfy its initial burden on summary judgment.

    The Trustee likewise fails to satisfy his initial burden with respect to his FCCPA claim to the extent it is based on the Bank's alleged violation of subsections (5) and (7). The Trustee,

however, does satisfy his initial burden with respect to his FCCPA claim to the extent it is based on violation of subsection (17). He also satisfies his initial burden with respect to his TCPA claim. Because the Trustee satisfies his initial summary judgment burden with respect to his claims under subsection (17) of the FCCPA and the TCPA, the burden shifts to the Bank to demonstrate there is a genuine issue of material fact on those claims.

The only record evidence in opposition to the Trustee's claim under subsection (17) of the FCCPA or his claim under TCPA is an affidavit from the Bank's recovery representative. That affidavit, however, is primarily based on knowledge gained from the recovery representative's review of the Bank's business records—not his own personal knowledge. The Court must decide whether that affidavit should be stricken since it is not based solely on personal knowledge.

A corporation can only speak through its representatives, and corporate representatives are inferred to have knowledge on the corporation's behalf. For that reason, it is not necessary for a corporate representative to have direct, personal knowledge of each and every fact in an affidavit in opposition to summary judgment. So the Court concludes the affidavit should not be stricken.

And since the affidavit raises genuine issue of material facts with respect to the Trustee's claims under subsection (17) of the FCCPA and his claim under the TCPA, the Trustee is not entitled to judgment as a matter of law on those claims. Accordingly, the Court will—for the reasons discussed below—grant summary judgment in favor of the Bank to the extent the Trustee's FCCPA claim is based on violation of subsection (9); otherwise it will deny the parties' respective summary judgment motions.

**Background**

About 15 years ago, the Debtor obtained a credit card through First National Bank of Omaha.[1] She primarily used the credit card for personal expenses (such as a plane ticket back to her native Nicaragua or personal emergencies).[2] At some point, the Debtor fell behind on her credit card payments, and the Bank began making collection calls to her cell phone.

There is some dispute about the frequency or nature of the collection calls. During her section 341 meeting of creditors in this case, the Debtor testified that the Bank called her five times a day every day of the week from February 5, 2009 through June 2010—even though she says she told the Bank to stop calling at some point because she could not pay.[3] She also testified during her 341 meeting that the Bank called her before 8:00 a.m. on numerous occasions.[4] And she testified that the Bank even called her ex-fiancé.[5] Based on the Debtor's 341 testimony, the Trustee sued the Bank under the FCCPA and TCPA.[6]

The Trustee then moved for summary judgment on his FCCPA and TCPA claims.[7] He supported his summary judgment motion with a transcript from the Debtor's 341 meeting and some of the Bank's call (and other business) records.[8] The 341 transcript contains the Debtor's testimony regarding the frequency of the alleged calls and the Bank's alleged calls to third

---

[1] Doc. No. 34-1 at p. 6, l. 16 – p. 7, l. 7; p. 12, l. 13 – p. 13, l. 7; p. 14, l. 25 – p. 15, l. 12).

[2] *Id.* at p. 45, ll. 19-22.

[3] Doc. No. 23-1 at p. 6, l. 25 – p. 8, l. 4.

[4] *Id.* at p. 8 ll. 5-10.

[5] *Id.* at p. 9, l. 15 – p. 10, l. 1.

[6] Adv. Doc. No. 1.

[7] Adv. Doc. No. 23.

[8] Adv. Doc. Nos. 23-1 & 23-2.

parties. The call (and other business) records relied on by the Trustee apparently reflect that (i) the Bank was using an autodialer; and (ii) the Bank called third parties in an effort to locate the Debtor.[9] The Bank opposed the Trustee's summary judgment motion by filing an affidavit of Dan Tlustos (its recovery representative).[10]

Tlustos' affidavit is primarily based on his review of the Bank's business records.[11] And based on that review, he testified that (i) the Debtor gave the Bank permission to call her on her cell phone; (ii) the Bank called the Debtor no more than 51 times; (iii) the Bank never actually reached the Debtor; (iv) the Bank never disclosed the existence of her debt to a third party; and (v) the Bank never called the Debtor before 8:00 a.m. or after 9:00 p.m.[12]

The Trustee asked the Court to strike Tlustos' affidavit because it was not based on personal knowledge. The Court took the Trustee's summary judgment motion (including its request to strike the Tlustos affidavit) under advisement. Since then, the Bank has moved for summary judgment on the Trustee's FCCPA and TCPA claims.[13] The Bank now claims that the Trustee cannot prevail on his FCCPA and TCPA claims as a matter of law because there is no record evidence demonstrating that the Bank violated either act.

---

[9] Adv. Doc. No. 23-2.

[10] Adv. Doc. No. 28-1.

[11] *Id.* at ¶ 2.

[12] *Id.* at ¶¶ 3-11.

[13] Adv. Doc. No. 35.

## Conclusions of Law[14]

In his complaint, the Trustee has alleged that the Bank violated four subsections of the FCCPA. Specifically, the Trustee claims the Bank violated the FCCPA by:

- making multiple collection calls to third parties who had no legitimate business need for the information [section 559.72(5)];

- continuing to call the Debtor past the point where collection calls could be intended to remind the Debtor of an alleged debt, to determine the Debtor's reasons for nonpayment of the debt, to negotiate differences, or to persuade the Debtor to pay without litigation [section 559.72(7)];

- asserting the right to call the Debtor after being told to stop [section 559.72(9)]; and

- calling the Debtor before 8:00 a.m. and after 9:00 p.m. [section 559.72(17)].[15]

The Trustee also claims the Bank violated the TCPA by using an autodialer to call the Debtor on her cell phone.[16]

The Bank initially argues that the Trustee cannot prevail on his FCCPA claims as a matter of law because the Trustee has failed to offer any evidence that the underlying debt is a consumer debt.[17] The Bank also argues that the Trustee cannot prevail on his specific FCCPA claims because the Trustee has failed to provide any evidence that (i) the Bank disclosed any information affecting the Debtor's reputation to third parties; (ii) the Bank actually contacted the

---

[14] The Court has jurisdiction over this contested matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(O). The parties have consented to the Court's resolution of the instant issues for purposes of 28 U.S.C. § 157(c)(2).

[15] Adv. Doc. No. 1. at ¶¶ 15-29.

[16] Adv. Doc. No. 1. at ¶¶ 30-38.

[17] Adv. Doc. No. 25 at 3-4.

Debtor (much less called her after she told the Bank not to); (iii) the Bank asserted any nonexistent legal right; or (iv) the Bank called the Debtor before 8:00 a.m. or after 9:00 p.m.[18] The Bank says it is entitled to summary judgment as a matter of law on the Trustee's TCPA claim because the Trustee has failed to offer any evidence that the Bank used an autodialer to call the Debtor or that it called the Debtor on her cell phone.[19]

Because the Trustee ultimately bears the burden of proof at trial, it is sufficient for the Bank to simply point to the absence of evidence supporting the Trustee's claims to satisfy its initial summary judgment burden.[20] The Bank need not present evidence affirmatively negating the Trustee's claims.[21] The problem, however, is that the Bank is simply incorrect when it says there is no evidence that (i) the Bank was attempting to collect a "consumer debt"; (ii) the Bank violated subsections (5), (7) & (17) of the FCCPA; or (iii) the Bank violated the TCPA.

For starters, a "consumer debt" under the FCCPA is an "obligation of a consumer to pay money arising out of a transaction in which" the services that are the "subject of the transaction are primarily for personal, family, or household purposes."[22] Here, the Debtor specifically testified during her deposition that she used the credit card she obtained from the Bank to buy things like plane tickets and for personal emergencies.[23] So there is evidence that the underlying debt is a consumer debt sufficient to seek relief under the FCCPA.

---

[18] *Id.* at 6-16.

[19] *Id.* at 16-17.

[20] *United States v. Four Parcels*, 941 F.2d 1428, 1437-38 (11th Cir. 1991).

[21] *Id.*; *In re Diagnostic Inv. Corp., Inc.*, 283 B.R. 87, 93 (Bankr. M.D. Fla. 2002).

[22] § 559.55(1), Fla. Stat.

[23] Doc. No. 34-1 at p. 45, ll. 17-22.

Moreover, the Debtor testified at her 341 meeting that the Bank contacted her ex-fiancé twice and told him about the existence of the debt. The Debtor also testified in a later deposition that the Bank disclosed the existence of her debt to her ex-husband and her former employer.[24] The Bank cites *Niven v. National Action Financial Services, Inc.* for the proposition that disclosure of the existence of a debt to a third party does not violate section 559.72(5) as a matter of law.[25] But that case does not stand for the proposition that disclosure of the existence of a debt to third parties can never support a claim under subsection (5). At least one court has ruled that disclosure of a debt to a third party (who has no need for the information) can create an issue of fact under subsection (5).[26]

And there is unquestionably record evidence showing that the Bank called the Debtor numerous times (including early in the morning). The Debtor specifically testified in her 341 meeting that the Bank called her five times a day every day of the week for a period of months—including numerous times before 8:00 a.m. in the morning. She also testified that the Bank continued to call her after she told them to stop because she could not pay the debt. So the Debtor has testified to specific facts that, if true, would support a claim under subsections (7) and (17).

The same is true for the Trustee's TCPA claim. There is record evidence that the Bank used an autodialer. The Trustee specifically points to the Bank's policy manuals discussing the use of a predictive dialer. Those manuals—construing them in the light most favorable to the Trustee—are evidence that the Bank used an autodialer. And the Debtor specifically testified that

---

[24] *Id.* at p. 33, l. 25 – p. 37, l. 21.

[25] 2008 WL 4190961, at *2 (M.D. Fla. Sept. 10, 2008).

[26] *Dowling v. I.C. Sys., Inc.*, 2005 WL 2675010, at * 5 (M.D. Fla. Oct. 20, 2005).

the Bank called her on her cell phone. In fact, the Debtor testified that is the only phone she has had for years.[27] Those facts would support a claim under the TCPA.

In reality, the Bank's argument is that the Debtor does not have any evidence that is not contradicted by the Bank's records. The Court understands the Bank's records (and the Debtor's later deposition testimony) may contradict the Debtor's testimony during her 341 meeting. The Bank's records may even be more reliable—and perhaps more credible—than the Debtor's recollection of telephone calls months or years after the fact. But that does not mean that the Trustee failed to provide evidence to support his claim under subsection (7)—it simply means there is a disputed issue of fact.

Accordingly, the Bank has failed to satisfy its initial burden of demonstrating that there is an absence of evidence supporting the Trustee's claim under the FCCPA to the extent it is based on violation of subsections (5), (7), and (17) or the TCPA. As a consequence, the burden does not shift to the Trustee on these claims, and the Bank's summary judgment motion should be denied to that extent.[28] The analysis is different, however, for the Trustee's FCCPA claim to the extent it is based on violation of subsection (9).

Subsection (9) prohibits the Bank from (i) attempting or threatening to enforce a debt the Bank knows is not legitimate; or (ii) asserting the existence of some other right it knows does not exist.[29] But, as the court in *Read v. MFP, Inc.* recognized, merely failing to comply with other sections of the FCCPA—such as calling too frequently, too early in the morning, or too late at night—cannot form the basis of a claim under subsection (9) because failure to comply with the

---

[27] Doc. No. 23-1 at p. 8, l. 25 – p. 9, l. 1.

[28] *In re Diagnostic Instrument Grp., Inc.*, 283 B.R. 87, 93 (Bankr. M.D. Fla. 2002).

[29] § 559.72(9), Fla. Stat.

FCCPA does not involve the assertion of a legal right.[30] To prevail on his subsection (9) claim, the Trustee must show the Bank asserted some nonexistent legal right when it called too often, too early, or too late.

If, for example, the Bank called the Debtor after she filed for bankruptcy and attempted to collect a debt, that could give rise to a subsection (9) claim.[31] Or the Bank could violate subsection (9) by calling the Debtor to collect a debt she did not owe.[32] Both of those would involve the assertion of a nonexistent legal right. Here, however, the Trustee fails to offer any record evidence that the Bank asserted a nonexistent legal right. The sole basis for the Trustee's claim under subsection (9) is the Bank called too often, too early, too late, or after she told them to stop. In other words, mere violations of the FCCPA—nothing more. Accordingly, the Trustee cannot prevail on his FCCPA claim as a matter of law to the extent it is based on subsection (9), and summary judgment should be granted in favor of the Bank on that limited issue.

Now what about the Trustee's summary judgment motion? Because the Trustee ultimately bears the burden of proof at trial, the Trustee must support his motion with credible evidence that would entitle him to a directed verdict if not controverted at trial.[33] The Trustee has failed to satisfy that burden with respect to his FCCPA claim to the extent it is based on violation of subsections (5) and (7).

The only record evidence supporting the Trustee's claim under subsection (5) is the Debtor's testimony during her 341 meeting and a later deposition that the Bank disclosed the existence of her debt to her ex-husband, ex-fiancé, and former employer. But the Debtor says

---

[30] *Read v. MFP, Inc.*, 85 So. 3d 1151, 1155 (Fla. 2d DCA 2012).

[31] *Id.*

[32] *Id.*

[33] *United States v. Four Parcels*, 941 F.2d 1428, 1438 (11th Cir. 1991).

little about the actual substance of the Bank's alleged communications with third parties. The Court is not satisfied that the mere possible disclosure of her debt to her former husband, fiancé, or employer—by itself—would entitle the Trustee to a directed verdict.

Admittedly, it is a closer call with respect to the Trustee's claim under subsection (7). Section 559.72(7) prohibits the Bank from willfully communicating with the Debtor so frequently that it can reasonably be expected to harass her.[34] And here, the Debtor did testify during her 341 meeting that the Bank called her five times a day every day of the week for months. It is difficult, however, to precisely quantify the number of phone calls that are required to harass the Debtor because the "effect of repeated telephone calls is colored by their tone and purpose":[35]

> Proof of numerous calls does not make a jury issue on liability if all must agree the creditor called only to inform or remind the debtor of the debt, to determine his reasons for nonpayment, to negotiate differences or to persuade the debtor to pay without litigation. The trier of fact may consider such communications harassing in their frequency, however, when they continue after all such information has been communicated and reasonable efforts at persuasion and negotiation have failed. Beyond that point communication 'can reasonably be expected to harass the debtor or his family,' because it tends only to exhaust the resisting debtor's will. If the creditor intends that likely effect, further communication is willful and actionable.[36]

There is little record evidence regarding the tone or purpose of the calls. In her 341 testimony, the Debtor says the Bank continued to call her after she told them to stop and that she could not pay. But she does not say how many times. In her deposition testimony, she suggests that she may have only had one or two conversations with the Bank and that they did not call her

---

[34] § 559.72(7), Fla. Stat.

[35] *Story v. J.M. Fields, Inc.*, 343 So. 2d 675, 676 (Fla. 1st DCA 1977).

[36] *Id.* at 677.

after she told them to stop. The mere fact of 51 calls—with no evidence regarding the tone or purpose of the calls—would not warrant entry of a directed verdict in favor of the Trustee.

Accordingly, the Trustee fails to meet his initial summary judgment burden with respect his claim under subsection (7) of the FCCPA. So the burden does not shift to the Bank to demonstrate a genuine issue of material fact. But the burden does shift to the Trustee with respect to the Trustee's claim under subsection (17) of the FCCPA, as well as his claim under the TCPA.

That is because the Trustee provides evidence in support of those claims that, if unrebutted, would warrant a directed verdict at trial. For example, the Trustee's claim under subsection (17) of the FCCPA is simple: the Trustee prevails on his claim if the Bank called the Debtor before 8:00 a.m. or after 9:00 p.m., and here, the Debtor testified that the Bank called before 8:00 a.m. on the weekends. Similarly, the TCCPA bars the Bank from using an autodialer to call the Debtor on her cell phone without her permission. The Debtor has provided evidence on both of those points. So the burden now shifts to the Bank to demonstrate that there is a material issue of fact precluding the entry of summary judgment.

The Bank attempted to satisfy that burden by relying on an affidavit from Dan Tlustos (its recovery representative). Under Rule 56, the Bank can meet its burden by an opposing affidavit.[37] According to the plain language of Rule 56, however, the affidavit must be based on personal knowledge.[38]

While Tlustos' affidavit does say it is based on personal knowledge, it also says it is based on knowledge gained from his review of the Bank's business records. And to be fair, the

---

[37] Fed. R. Civ. P. 56(c)(4).

[38] *Id.*

11

significant testimony in the affidavit appears to come from his review of the Bank's business records—not from his own personal knowledge. Because the critical parts of Tlustos' affidavit are not based on his own personal knowledge, the Trustee says it should be stricken.

The problem here is that the only people with direct, personal knowledge of the Trustee's claims are the individual Bank representatives that made collection calls to the Debtor. This would be true in most FCCPA cases. And it would be true not only for summary judgment affidavits, but for trials as well. Is the Bank expected to obtain an affidavit from every single representative that made a collection call to the Debtor (or, at trial, would it be expected to call each of those individuals as witnesses)?

The Bank here did the practical thing and obtained an affidavit from their recovery representative, who is, in effect, their corporate representative in this matter. And the recovery representative testified in his affidavit based on his review of the relevant Bank records. It is true that courts routinely strike affidavits that are not based on personal knowledge.[39] But courts treat corporate representative affidavits differently.[40] That is because, as the Northern District of Indiana recognized in *ABN Amro Mortgage Group, Inc. v. Maximum Mortgage, Inc.*, "'[it] is a fact that a corporation has no mouth with which to speak other than that of its representatives.'"[41] And the authority of a corporate representative to speak extends not only to facts, but to the corporation's subjective beliefs and opinions.[42] So when the representative speaks, it can be

---

[39] *See, e.g., Pashoian v. GTE Directories*, 208 F. Supp. 2d 1293, 1297 (M.D. Fla. 2002); *Hayes-Jones v. Metro. Life Ins. Co.*, 2006 WL 3091488, at *1-2 (M.D. Fla. Oct. 30, 2006).

[40] *Atl. Marine Florida, LLC v. Evanston Ins. Co.*, 2010 WL 1930977, at *2 (M.D. Fla. May 13, 2010); *Sunbelt Worksite Mktg, Inc. v. Metro. Life Ins. Co.*, 2011 WL 344256, at *1-2 (M.D. Fla. Aug. 8, 2011).

[41] 2006 WL 2598034, at *7 (N.D. Ind. Sept. 8, 2006).

[42] *Atl. Marine*, 2010 WL 1930977, at *2 (quoting *Hijeck v. Menlo Logistics, Inc.*, 2008 WL 465274, at *4 (N.D. Tex. Feb. 21, 2008)).

inferred that the representative is familiar with the matters that he or she is speaking about.[43] For that reason, courts have concluded that "[it] is not necessary that [the corporative representative] have direct, personal knowledge of each and every fact discussed in her affidavit or deposition."[44]

It is, instead, sufficient if the corporate representative testifies that his or her affidavit is based on a review of the corporation's records that are relevant to his or her testimony. And that is exactly what Tlustos has done here. He testified that his affidavit is based on his personal knowledge *and his review of the Bank's records*. Accordingly, the Court concludes that the Bank's opposing affidavit satisfies Rule 56.

So the Court must now consider whether Tlustos' affidavit raises any genuine issues of material fact that would preclude entry of summary judgment in favor of the Trustee on his FCCPA (to the extent it is based on subsection (17)) and his TCPA claim. In his affidavit Tlustos, testifies that (i) the Debtor gave the Bank permission to call her on her cell phone; and (ii) the Bank never called the Debtor before 8:00 a.m. or after 9:00 p.m. Those two facts, alone, create genuine issues of material fact with respect to the Trustee's claim under subsection (17) of the FCCPA, as well as his claim under the TCPA.

## Conclusion

One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses.[45] Once the Court considers the Debtor's 341 and deposition testimony, along with the affidavit from the Bank's records custodian, it is clear the

---

[43] *Id.* (citing *ABN Ambro*, 2006 WL 2598034, at *7).

[44] *Sunbelt Worksite Mktg.*, 2011 WL 344256, at *2.

[45] *In re Diagnostic Instrument Grp., Inc.*, 283 B.R. 87 (Bankr. M.D. Fla. 2002) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

only factually unsupported claim or defense in this case is the Trustee's FCCPA claim to the extent it is based on the Bank's alleged violation of subsection (9). Accordingly, the Court will by, separate order, grant summary judgment in favor of the Bank on that limited issue and otherwise deny the parties' respective summary judgment motions. The Court will also enter a separate order scheduling a trial in this proceeding.

**DATED** in Chambers at Tampa, Florida, on _____April 29, 2013_____.

_____
Michael G. Williamson
United States Bankruptcy Judge

Copies to be provided by CM/ECF service.

**Brian Shrader, Esq.**
**Lash & Wilcox PL**
*Counsel for Plaintiff*

**Dale T. Golden, Esq.**
**Golden & Scaz PLLC**
*Counsel for Defendant*